**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON LEE HARRIS, *Plaintiff-Appellant*, v. J. KENNETH MANGUM; J. SCOTT DUTCHER, *Defendants-Appellees.* | No. 15-15054 D.C. No. 2:13-cv-02280-SRB-DKD OPINION |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted November 18, 2016
San Francisco, California

Filed July 18, 2017

Before: Ronald M. Gould, Richard R. Clifton,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Clifton

# SUMMARY[*]

## Prisoner Civil Rights

Following this court's prior limited remand in this prisoner civil rights action, the panel affirmed the district court's order declining to evaluate plaintiff's competence and declining to award a guardian ad litem.

In plaintiff's prior appeal, this court affirmed the dismissal of plaintiff's lawsuit as frivolous, but ordered a limited remand to the district court to consider whether Federal Rule of Civil Procedure 17(c)(2) required the court to evaluate plaintiff's competence and consider the appointment of a guardian ad litem or issuance of another appropriate order.   Plaintiff asserted that a guardian could have voluntarily dismissed this lawsuit so that the dismissal by the court would not have charged him with a "strike" under 28 U.S.C. § 1915(g).

The panel agreed with the district court that plaintiff had no interest in this case that could have been protected by appointment of a guardian ad litem or issuance of another appropriate order pursuant to Rule 17(c)(2).  The panel held that plaintiff could not be charged with a strike based on the dismissal of this lawsuit because he originally filed the suit in state court.  The panel held that although the suit was later removed to federal court by another party, § 1915(g) imposes a strike only when a prisoner has brought a meritless action or appeal in a federal court, and plaintiff did not do so.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel also agreed with the district court that because plaintiff had incurred at least three strikes from prior cases, he was already subject to the limitations imposed under § 1915(g) and could not be adversely impacted by whatever happened in this case. The panel noted that although some of plaintiff's prior cases were dismissed for failure to state a claim with leave to amend, and judgment was entered against plaintiff after he failed to file amended complaints, those dismissals still counted as strikes under § 1915(g). The panel held that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).

## COUNSEL

Seth W. Lloyd (argued), Morrison & Foerster LLP, Washington, D.C.; Yuka Teraguchi and James E. Hough, Morrison & Foerster LLP, Tokyo, Japan; for Plaintiff-Appellant.

Joseph I. Vigil (argued) and Joseph J. Branco, Deputy County Attorneys; William G. Montgomery, Maricopa County Attorney; Civil Services Division, Maricopa County Attorney's Office, Phoenix, Arizona; for Defendants-Appellees.

## OPINION

CLIFTON, Circuit Judge:

Plaintiff-Appellant Jason Harris, an Arizona state prisoner, filed pro se a lawsuit in state court that was subsequently removed by Defendants-Appellees J. Kenneth Mangum and J. Scott Dutcher to federal court. Harris filed a motion asking the court to appoint a representative or guardian ad litem to protect his interests, contending that he had previously been found incompetent to stand trial in a criminal case. Without separately considering that motion, the district court dismissed his lawsuit as frivolous and denied pending motions, including the guardian motion, as moot.

This court agreed that the lawsuit was frivolous but ordered a limited remand to the district court for the purpose of considering whether Federal Rule of Civil Procedure 17(c)(2) required the court to evaluate Harris's competence and consider the appointment of a guardian ad litem or issuance of another appropriate order. On remand, the district court concluded that it was not required to evaluate Harris's competence because he had no interest in this case that could have been protected by appointment of a guardian ad litem or issuance of another order under Rule 17(c)(2). We agree.

Harris argues that a guardian could have voluntarily dismissed this lawsuit so that its dismissal by the court as frivolous would not have charged him with a "strike" under 28 U.S.C. § 1915(g) that could affect his ability to file a future lawsuit in forma pauperis. Like the district court, however, we conclude that Harris could not be charged with a strike based on the dismissal of this lawsuit because he filed it in state court. Though it was later removed to federal court

by another party, § 1915(g) imposes a strike only when a prisoner has brought a meritless action or appeal in a federal court, and Harris did not do so. Moreover, we also agree with the district court that, because Harris had incurred at least three strikes from prior cases, he was already subject to the limitations imposed under § 1915(g) and could not be adversely impacted by whatever happened in this case. Though some of those prior cases were dismissed for failure to state a claim with leave to amend, and judgment was entered against Harris after he failed to file amended complaints, we conclude that those dismissals still count as strikes under § 1915(g).

Because Harris had no interest in this case that could have been protected by appointment of a guardian ad litem or issuance of another appropriate order pursuant to Rule 17(c)(2), the district court was not required to evaluate his competence prior to dismissing the action. We affirm.

## I.  Background

Harris, an Arizona state prisoner, filed pro se a complaint in Maricopa County Superior Court against an employee of the Maricopa County Sheriff's Office, Sandra Ybarra, alleging violations of Harris's rights under the U.S. Constitution and various federal statutes. Attorneys Mangum and Dutcher, who were employees of the Maricopa County Attorney's Office, represented Ybarra in that action, and they removed the case to the United States District Court for the District of Arizona.

Harris then filed another lawsuit in Maricopa County Superior Court, again pro se, this time against Ybarra's attorneys, Mangum and Dutcher. This second lawsuit is the

action currently before us in this appeal.  In this lawsuit Harris alleged that Mangum and Dutcher's removal of the first lawsuit was an action that itself violated Harris's rights under the U.S. Constitution and two federal statutes. Defendants removed this second case to the District of Arizona pursuant to 28 U.S.C. § 1441.

The district court is required, under provisions enacted as part of the Prison Litigation Reform Act of 1995, to screen a complaint filed by a prisoner seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court is required to dismiss such a complaint or any portion thereof in which a prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

Before that review was accomplished in this case, Harris filed a number of motions.  One was a motion for appointment of a representative or guardian ad litem.  That motion cited Harris's understanding that he had previously been "found incompetent for trial" in a criminal case pending against him in state court.

The district court dismissed the case as frivolous pursuant to the screening provisions of 28 U.S.C. § 1915A, observing that removal of the first case by Ybarra's attorneys was not a basis upon which the attorneys could be held liable to Harris under federal law.  The order entered by the court also denied all pending motions, including the motion for appointment of a guardian ad litem, and directed the court clerk to enter judgment.

Harris appealed the dismissal of his case, and his motion to proceed on appeal in forma pauperis came before a Ninth Circuit motions panel. The motions panel concluded that Harris's claims were legally frivolous. Order, *Harris v. Mangum*, No. 14-16290 at 2 n.1 (9th Cir. Oct. 30, 2014). Even so, it vacated the district court judgment and remanded to the district court for the limited purpose of considering whether Federal Rule of Civil Procedure 17(c) required appointment of a guardian ad litem or another order to protect Harris's interests. *Id.* at 3.

On remand, the district court concluded that Harris had no interest in the case that could be protected by appointment of a guardian ad litem or issuance of another appropriate order. The district court determined in addition that Harris did not provide documentation regarding his mental health sufficient to merit further inquiry into his competence. Accordingly, the district court declined to appoint a guardian ad litem. The district court directed the court clerk to forward a copy of its order to this court, which we construe as a statement of the district court's intent to reinstate its judgment and its intent that the order be appealable. *See Resh v. China Agritech, Inc.*, 857 F.3d 994, 1000 (9th Cir. 2017) ("Because the district court's order was a full adjudication of the issues that clearly evidenced its intention that the order be final, appellate jurisdiction is proper.").

Harris then filed this appeal, challenging the district court's decision not to appoint a guardian ad litem.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. Discussion

We review a district court's decision not to appoint a guardian ad litem for abuse of discretion. *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). "[Q]uestions of statutory interpretation, such as the applicability of the strike provision of 28 U.S.C. § 1915(g), are reviewed de novo." *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015).

### A. *The Need for a Rule 17(c) Assessment When a Party Has No Protectable Interest*

Federal Rule of Civil Procedure 17(c)(2) provides that a "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Ordinarily, "when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). The district court did not conduct a competency hearing for Harris. Thus, the first question we address is whether a

---

[1] Harris states that this appeal also challenges the district court's January 29, 2015 denial of his motion for reconsideration of the order declining to appoint a guardian at litem. Because Harris did not amend his notice of appeal to include the denial of his motion for reconsideration, that order is not before us. *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007); Fed. R. App. P. 3(c)(1)(B), 4(a)(4)(B)(ii). Review of that order would not affect the outcome of this appeal, in any event.

district court may forego an otherwise-required Rule 17(c)(2) assessment when, as here, it concludes that the litigant's competence is irrelevant because the litigant has no interest that could be protected by one of the safeguards provided by Rule 17(c)(2), namely "appoint[ing] a guardian ad litem" or "issu[ing] another appropriate order." We conclude that the district court may dispense with that assessment of competence in circumstances such as those involved in this case.

"The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis*, 745 F.3d at 1310. Accordingly, we have held that a district court has broad discretion to fashion an appropriate safeguard that will protect an incompetent person's interests. *See id.* at 1311 (listing safeguards among which a district court may choose depending on the circumstances); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (same); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) ("Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation.").

The requirement that the district court implement safeguards sufficient to protect an incompetent person's interests presupposes the existence of interests. The parties do not identify and we have not found any precedent that discusses what a district court must do when a litigant has no interest to protect. The absence of such cases is not surprising. Ordinarily it would be difficult for a district court to be certain at the outset of a case that a litigant had no protectable interest. Even if it were clear that a complaint filed by a pro se plaintiff failed to state a claim, there would typically remain the possibility of some set of facts known to

the party, though not to the court, that could be alleged to support a cognizable claim.

In the rare case when it is clear that a litigant has no protectable interest, however, proceeding with a competency hearing would be a complete waste of time and effort. Considering the appointment of a guardian ad litem in such a circumstance would not advance "[t]he purpose of Rule 17(c) [in] protect[ing] an incompetent person's interests."[2] *Davis*, 745 F.3d at 1310. Even if the litigant were found to be incompetent, it would be impossible for the court to take measures tailored to protect his interests because he would have nothing to protect and would not derive any benefit from the safeguards provided by Rule 17(c). Accordingly, we hold that, in the unusual case when it is clear that a potentially incompetent party has no interest that could be protected by appointing a guardian ad litem or issuing another appropriate order, a district court does not abuse its discretion when it declines to assess the party's competence.

## B.  *Absence of a Protectable Interest in This Case*

It is beyond question that Harris has no legitimate interest in the merits of his case. He had no viable claim against Mangum and Dutcher. Rather, Harris's only identified interest that could potentially warrant protection under Rule 17(c) is his interest in avoiding negative collateral consequences from having filed a frivolous complaint.

---

[2] In fact, appointing a guardian ad litem in such a case could hinder the purpose of Rule 17(c) if the guardian thereby became unavailable to represent a different litigant who did have protectable interests. *Cf. Davis*, 745 F.3d at 1311 (mentioning "a waiting list for guardian ad litem services").

1.  Strikes under 28 U.S.C. § 1915(g)

A negative consequence that may impact a prisoner who files a frivolous complaint is a restriction on his ability to file future cases without prepaying filing fees. Ordinarily, a plaintiff must pay a fee before he may file a complaint in federal court. 28 U.S.C. § 1914. Upon demonstrating indigence, however, a plaintiff may proceed in forma pauperis, i.e., without paying court fees. 28 U.S.C. § 1915(a)(1). A prisoner-plaintiff may also proceed in forma pauperis, but if he is granted permission to do so, then he must eventually repay the fee from his prison account as funds become available. 28 U.S.C. § 1915(b). If he abuses the privilege, a prisoner may lose his ability to proceed in forma pauperis. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis provision] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The dismissals described in this provision are commonly referred to as "strikes." *See, e.g.*, *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

In the order remanding the case to the district court, our motions panel noted concern for this potential consequence,

observing "that even though the claims in this action are legally frivolous, Harris's interests in not accruing 'strikes' under 28 U.S.C. § 1915(g) might warrant protection under Rule 17(c). A guardian ad litem or other representative could protect those interests by filing a motion for voluntary dismissal." Order, *Harris v. Mangum*, No. 14-16290 at 2 n.1 (9th Cir. Oct. 30, 2014). Taking their cues from that order, both the district court and the parties have focused on Harris's interests relating to strikes.

It is undisputed that if (1) the disposition of Harris's lawsuit resulted in his receiving a strike and (2) that strike could impact his ability to bring future lawsuits in forma pauperis, Harris had a protectable interest in the litigation. *Cf. Belanus*, 796 F.3d at 1028 (concluding that the imposition of a first strike is a sufficiently concrete harm to give rise to Article III standing). The parties disagree, however, as to whether either or both of these circumstances exist in this case.

With regard to whether Harris would incur a strike for the dismissal of his frivolous complaint in this case, the district court explained that "this case was removed from state court. Section 1915(g) provides for the accrual of strikes for cases filed in federal court, but does not provide for the accrual of strikes in removed cases and this District does not assess strikes against plaintiffs who commenced cases in state court." Accordingly, the district court reasoned that Harris would not accrue a strike from its dismissal of this case. Our court has not previously determined whether a district court's dismissal of a complaint removed from state court may constitute a strike, though we have noted that possibility. *See Quillar v. Exarhos*, 585 F. App'x 575, 576 (9th Cir. 2014) (unpublished) ("[I]t is not clear whether the third dismissal on

which the district court relied constitutes a strike.  [The plaintiff-appellant] filed this action in state court, alleging federal and state law claims, and though defendants successfully removed it, this may not constitute a 'federal' action for purposes of § 1915(g).").

We agree with the district court that Harris could not accrue a strike for the dismissal of this case because he did not file it in federal court.  The relevant statute, 28 U.S.C. § 1915(g), provides that a prisoner can accrue a strike from the dismissal of "an action or appeal" that "the prisoner has . . . brought . . . in a court of the United States."  As used in Title 28, "[t]he term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, [and] district courts."  28 U.S.C. § 451.  The term is not defined to include state courts.  This action was filed by Harris in a state court.

Defendants acknowledge that the plain language of the statute supports this conclusion.  Still, they express concern that, if a prisoner could avoid obtaining strikes by filing cases in state court, § 1915(g) would be "meaningless" because, as expressed in their answering brief, "a prisoner with two strikes could avoid a strikeout by fouling-off pitches forever, simply by bringing suit in state court."  Defendants argue that a strike should therefore accrue from a district court's dismissal of a complaint in a removed case.

That policy argument must be directed to Congress, not to us.  It is "our job to apply faithfully the law Congress has written."  *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (interpreting 28 U.S.C. § 1915(g) according to its "plain language").  The plain language of the

statute does not support charging a prisoner with a strike based on a district court's dismissal of a lawsuit filed by the prisoner in state court, even if the action was later removed to federal court by another party.

Besides, even if strikes did accrue from a district court's dismissal of frivolous cases removed from state court, as Defendants urge, that proposed rule would not solve the problem they identify. Specifically, the rule Defendants propose would not prevent a litigant in Harris's position from returning to federal court in precisely the way Harris arrived in federal court in this case. Section 1915(g) prevents a prisoner with three strikes from filing a case in federal court without prepaying the filing fee, but Harris did not file this case in federal court, and he was not required to pay a federal court filing fee. Defendants were the parties who brought this case to federal court when they removed it from state court, and it was their responsibility to pay the federal filing fee, as they did in this case. The statute does not prevent an indigent prisoner-plaintiff with three strikes from proceeding in a case that someone else filed in federal court. It would take a more substantial amendment of the statute to achieve what Defendants seek.

When a defendant removes a case from state to federal court, it cannot be said that a prisoner-plaintiff was the one who brought the case in federal court. Accordingly, we hold that a district court's dismissal of an action removed from state court by a party other than a prisoner cannot constitute a strike under § 1915(g) against that prisoner.[3] Harris brought

---

[3] The dismissal of an appeal brought by a prisoner in a federal court of appeals could count as a strike, even if the case was originally filed in state court and removed to a federal district court by a party other than the

this case in Maricopa County Superior Court, which is not a "court of the United States." Defendants, not Harris, brought the case to federal court. We therefore conclude that Harris could not accrue a strike from the district court's dismissal of this case.

The district court provided another reason to support its conclusion that Harris did not have a protectable interest in this case related to § 1915(g) strikes. It explained that Harris already had at least three strikes, and so any additional strikes he might accrue would not further impact his ability to file cases in forma pauperis. The district court identified five dismissals that it believed counted as strikes against Harris. Defendants argue that four of these dismissals were properly counted as strikes, while Harris contends that none of the dismissals qualified as a strike.

The parties now agree that Harris did not incur a strike from the dismissal of his complaint in *Harris v. Maricopa County Superior Court*, No. 2:11-cv-1069 (D. Ariz. June 14, 2011), which was dismissed on the grounds that he already had three strikes and did not pay the filing fee. The dismissal of that case did not constitute a strike because, as we held in an opinion filed after the district court issued its order:

> Where a dismissal is based solely on a finding
> that the plaintiff has previously incurred at

---

prisoner. Section 1915(g) is explicit in referring to an "appeal" that "the prisoner has . . . brought . . . in a court of the United States." Harris brought this appeal to this federal court. If we dismissed the appeal as frivolous, that could constitute a strike. We do not conclude that this appeal was frivolous, malicious, or failed to state a claim, however. Though unsuccessful, the arguments raised by Harris in this appeal were colorable.

least three strikes, without any additional
finding that the instant action is itself
frivolous, malicious, or fails to state a claim,
the dismissal does not count as an additional
strike.  This is so because having incurred
three strikes, standing alone, is not an
enumerated ground for creating an additional
strike under the language of § 1915(g).

*El-Shaddai*, 833 F.3d at 1042.

In each of the other four cases the district court identified,
Harris filed a complaint that was dismissed for failure to state
a claim with leave to amend.  Harris failed to file amended
complaints within the time designated in the dismissal orders,
and the district court then entered judgment against him in
each case.[4]  The parties dispute whether strikes should be
assessed in these circumstances.  We conclude that those four
dismissals did constitute strikes, such that the district court
was correct in determining that the dismissal of the current
case would not alter Harris's position for purposes of
§ 1915(g).

When a district court dismisses an action because the
plaintiff has not filed an amended complaint after being given
leave to do so and has not notified the court of his intention
not to file an amended complaint, we may deem the dismissal

---

[4] These four cases were *Harris v. Arizona State Prison Health
Services, et al.*, No. 2:03-cv-346 (D. Ariz. Mar. 28, 2003); *Harris v.
Maricopa County Sheriff's Office*, No. 2:09-cv-695 (D. Ariz. May 1,
2009); *Harris v. Arizona Department of Corrections*, No. 2:09-cv-841 (D.
Ariz. May 1, 2009); and *Harris v. Farrugia*; No. 2:09-cv-737 (D. Ariz.
June 10, 2009).

to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). Harris contends that the dismissals that occurred under those circumstances should not count as strikes under § 1915(g) because the actions were ultimately dismissed for failure to comply with an order—which is not identified in the statute as a type of dismissal that gives rise to a strike—rather than for failure to state a claim.

"While past cases have found that [a § 1915(g)] strike is accrued by a Rule 12(b)(6) dismissal, they do not hold that this is the only possible way." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013). Accordingly, "when we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai*, 833 F.3d at 1042 (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

The dismissal of each of Harris's prior actions "rang the PLRA bells of . . . failure to state a claim," even if the "procedural posture" meant that the entry of judgment in each case was delayed until it became clear that Harris would not file an amended complaint that did state a claim. *Cf. Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 433 (D.C. Cir. 2007) (holding that it would be "hypertechnical" to not assess a strike for an appeal that was formally dismissed for failure to prosecute when the underlying reason for the dismissal was a finding of frivolousness). His failure to file an amended complaint did not negate the determination already made by the court that the complaint that he had filed, and on which he

effectively elected to stand, failed to state a claim. It also does not matter whether the dismissals were with or without prejudice. *See O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008) ("Because § 1915(g) of the current PLRA does not distinguish between dismissals with and without prejudice, . . . a dismissal without prejudice may count as a strike.").

Harris argues that his dismissals should not count as strikes because, in granting leave to amend in three of the four cases, the district court stated that his complaints might have been saved by amendment. But it does not matter whether Harris might have stated a claim. What matters is that he did not do so.

There is nothing in § 1915(g) that suggests a dismissal for failure to state a claim only counts as a strike when the complaint is obviously unsalvageable on its face. We have previously held that "[l]eave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect" and that opportunities to amend are "particularly important for the pro se litigant." *Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013) (emphasis added in *Crowley*) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000)). In light of this "longstanding rule," *Lopez*, 203 F.3d at 1130, district courts may routinely give pro se plaintiffs opportunities to amend their complaints regardless of how meritless their claims may appear. A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend. This conclusion is reinforced by the fact that we interpret § 1915(g) so as to "further[] Congress's intent to screen out frivolous complaints by precluding prisoners from submitting an endless stream of frivolous in forma pauperis complaints." *O'Neal*, 531 F.3d at 1152.

Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). Harris accrued four strikes from his cases that were dismissed when he declined to amend complaints that failed to state claims.

Because Harris could not incur a strike from the district court's dismissal of this case and because he already had more than three strikes from previous cases, we agree with the district court's conclusion that he had no protectable interest relating to § 1915(g) strikes that might have been served by consideration of his Rule 17(c) motion.

2.  Designation as a Vexatious Litigant

Harris argues in passing in his opening brief that he has an interest in avoiding being designated a vexatious litigant, which, he asserts, is an interest that a guardian ad litem could have protected by voluntarily dismissing the case. "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The record supporting such an order "needs to show, in some manner, that the litigant's activities were numerous or abusive." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

Defendants contend in their answering brief that it is unlikely that a future court contemplating designating Harris to be a vexatious litigant would view the instant case more favorably if it had been voluntarily dismissed by a guardian ad litem. In his reply brief, Harris does not respond to this

contention, nor does he even mention his supposed interest in
avoiding a vexatious litigant designation.  We agree with
Defendants that the support that might be provided by the
history of this case for a vexatious litigant designation would
not seem to be materially less if it had been voluntarily
dismissed.

Regardless, the harm arising from being permitted to
proceed with an action that might someday be cited in support
of a prefiling order is considerably more speculative than the
harm from accruing a strike under § 1915(g), and we have
previously noted that the concreteness of the harm from a
strike was itself "a close question." *Belanus*, 796 F.3d at
1028.  Accordingly, we conclude that Harris did not have a
protectable interest in being prevented from proceeding in a
case that could hypothetically support a future vexatious
litigant designation.

Because Harris did not have a protectable interest in the
litigation (whether related to § 1915(g) strikes or a theoretical
vexatious litigant designation), we affirm the district court's
decision to refrain from assessing Harris's competence and to
refrain from appointing a guardian ad litem or issuing an
order pursuant to Rule 17(c).[5]

## III.    Conclusion

Harris had no interest in this litigation that could have
been protected by appointment of a guardian ad litem or
issuance of another appropriate order pursuant to Rule 17(c).

---

[5] Because we affirm on these grounds, we do not consider the district
court's alternate holding that the question of Harris's competence was not
sufficiently substantial to require a Rule 17(c) inquiry.

The district court did not abuse its discretion in declining to evaluate Harris's competence or give further consideration to his motion for appointment of a guardian ad litem. We affirm.

**AFFIRMED.**