MEMORANDUM ** Plaintiff Emeka Ndigwe appeals the dismissal of his lawsuit against Defendant Allstate Indemnity Company over uninsured motorist coverage for an auto accident. At our request after oral argument, the district court clarified that the case was dismissed as a sanction under Federal Rule of Civil Procedure 41(b). We have jurisdiction under 28 U.S.C. § 1291, and affirm. In the case’s original posture before us, the specific basis for the dismissal was somewhat unclear. On October 22, 2015, the district court entered a first dismissal order under Rule 12(b)(6), and ordered Ndigwe to file an amended complaint by November 2, 2015. The court expressly cautioned Ndigwe “that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order” under Rule 41(b). Ndigwe did not file an amended complaint or advise the district court that he did not intend to amend. On November 9, 2015, the district court entered a second and final order dismissing the case without prejudice “for lack of prosecution and failure to comply with the orders of the court.” We asked the district court to clarify whether it intended to dismiss the complaint as a sanction under Rule 41(b) or for failure to state a claim under Rule 12(b)(6). The district court responded with a “Clarification Order” confirming that the action was. dismissed as a sanction under Rule 41(b) for Ndigwe’s failure to comply with the order requiring amendment or to otherwise prosecute the case. See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (“When a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint, we may deem the dismissal to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b).” (citations omitted)). The district court also confirmed that the final dismissal was without prejudice. We review for abuse of discretion the dismissal of an action for failure to comply with the district court’s order requiring submission of an amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Ndigwe’s failure to respond in any way to the district court’s amendment order warranted dismissal. A plaintiffs inaction in the face of the court’s “ultimatum — either by amending the complaint or by indicating to the court that it will not do so — is properly met with the sanction of a Rule 41(b) dismissal.” Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). The specific factors applied to a Rule 41(b) dismissal point to the same result. Before dismissing a case as a sanction, a district court should consider: “(1) the public’s interest in expeditious resolution of litigation; (2) the court’s need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.” Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (internal quotation marks omitted). We may affirm when our independent review of the record indicates that the district court did not abuse its discretion under these factors, even though the court may not have made explicit findings at the time of dismissal. Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal citation omitted). While the district court’s final dismissal order did not address the factors, its clarification order discussed them in detail, and we find nothing in the record indicating that the district court abused its discretion. Consequently,, we find that the district court did not abuse its discretion in dismissing Ndigwe’s case under Rule 41(b). We express no opinion about the merits of his claims against Allstate or the distridt court’s analysis únder Rule 12(b)(6). AFFIRMED. This disposition is not appropriate for publi- ’ cation and is not precedent except as provided by Ninth Circuit Rule 36-3.