**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY C. BONTEMPS,

Plaintiff-Appellant,

v.

SOTAK, Dr.; SMITH,

Defendants-Appellees.

No.    15-16275

D.C. No.
2:09-cv-02115-MCE-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted September 15, 2017
San Francisco, California

Before:  SCHROEDER and FRIEDLAND, Circuit Judges, and WHALEY,[**]
District Judge.

Appellant Gregory Bontemps, a California State prisoner, appeals the district

court's decision revoking his right to proceed *in forma pauperis* ("IFP") in his 42

U.S.C. § 1983 action against two prison physicians, Defendants-Appellees Drs.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

Sotak and Smith. The magistrate judge found, and the district court agreed, that Bontemps had filed three cases in federal court while incarcerated that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and thus had three "strikes" under the Prison Litigation Reform Act, disqualifying him from IFP status unless he could allege an imminent danger of serious physical harm. 28 U.S.C. § 1915(g). Plaintiff's argument that a dismissal for failure to prosecute can never count as a strike under 28 U.S.C. § 1915(g) is foreclosed by our recent decision in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017). The record reflects, however, that at least one of the dismissals cannot be characterized as having been made for any of the grounds set forth in 28 U.S.C. § 1915(g). The dismissal in *Bontemps v. Kramer,* 2:06-Civ-02580 (E.D. Cal.) (*Kramer II*), was ordered after Bontemps received the only relief he sought in the action, and the case was therefore dismissed as moot. The court was without jurisdiction over any claim. A dismissal for mootness was not a dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(g). *See Moore v. Maricopa Cty. Sheriff's Office,* 657 F.3d 890, 893-94 (9th Cir. 2011) (dismissals for lack of jurisdiction do not count as strikes).

The district court's order revoking Bontemps's IFP status must be

**VACATED** and the matter **REMANDED** for further proceedings consistent with

this opinion.  Appellees shall bear the costs on appeal.