**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSSIE LEE SLAUGHTER,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>JEFFREY A. UTTECHT, Warden; et al.,<br><br>　　　　　Defendants-Appellees. | No. 16-35947<br><br>D.C. No. 4:16-cv-05109-LRS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Ossie Lee Slaughter, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay

the filing fee after denying Slaughter's application to proceed in forma pauperis

("IFP").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's interpretation and application of 28 U.S.C. § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017). We affirm.

The district court properly denied Slaughter's motion to proceed IFP because at the time Slaughter filed the complaint, Slaughter had filed three actions or appeals that qualified as "strikes," and Slaughter did not plausibly allege that he was "under imminent danger of serious physical injury" at the time he lodged the complaint or the appeal. 28 U.S.C. § 1915(g); *Harris*, 863 F.3d at 1143 ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (appellate court's denial of IFP because the appeal is frivolous counts as a "strike" even though the court does not dismiss the appeal until later, after appellant fails to pay the filing fee).

We reject as meritless Slaughter's contentions of judicial misconduct or bias.

**AFFIRMED.**