**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID B. TURNER, Jr.,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>COUNTY OF SAN DIEGO; et al.,<br><br>            Defendants-Appellees. | No. 16-55446<br><br>D.C. No. 3:16-cv-00339-WQH-BGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

David B. Turner, Jr., a former prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay the filing fee after denying Turner's application to proceed in forma pauperis ("IFP") while he was in jail. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo the district court's interpretation and application of 28 U.S.C. § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017).  We affirm.

The district court properly denied Turner's motion to proceed IFP because at the time Turner filed the complaint, Turner had filed three actions or appeals that qualified as "strikes," and Turner did not plausibly allege that he was "under imminent danger of serious physical injury" at the time he lodged the complaint or the appeal.  28 U.S.C. § 1915(g); *Harris*, 863 F.3d at 1143 ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (appellate court's denial of IFP because the appeal is frivolous counts as a "strike" even though the court does not dismiss the appeal until later, after appellant fails to pay the filing fee).

**AFFIRMED.**