NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS DANIEL CLARK, | No. 16-15994 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-04649-YGR |
| v. | |
| KEVIN CHAPPELL, Warden; CAROLE HYMAN, Chaplain at San Quentin Prison, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge,
Presiding

Submitted May 15, 2018**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

California state prisoner Douglas Daniel Clark appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action arising from the denial of Clark's entry into a kosher diet program. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004

_____

argument. *See* Fed. R. App. P. 34(a)(2).

16-15994

(9th Cir. 2014).  We affirm.

The district court properly dismissed Clark's claims seeking injunctive relief because Clark is now a member of the kosher diet program, rendering his claim moot.  *See NASD Dispute Resolution, Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) ("A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case.").

The district court properly dismissed Clark's claims seeking declaratory relief and monetary damages as barred by the doctrine of res

judicata because Clark has previously litigated the same claims in a California state habeas proceeding against the same parties or their privies. *See Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim preclusive effect on civil litigation); *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of claim preclusion under California law and explaining that California's doctrine of claim preclusion is based on a

primary rights theory).

To the extent Clark claims legal error in the California state habeas proceeding, the *Rooker-Feldman* doctrine bars any such claim. *See Noel v. Hall*, 341 F.3d 1148, 1155-57 (9th Cir. 2003) (*Rooker-Feldman* doctrine bars de facto appeal of a state court decision).

We do not consider the district court's denial of Clark's post-judgment motion because Clark never filed a new or amended notice of appeal after the district court denied his motion. *See Harris v. Mangum*, 863 F.3d 1133, 1137-38

n.1 (9th Cir. 2017).

We reject as without merit Clark's contentions regarding judicial misconduct and fraud upon the court.

Clark's motion for oral argument (Docket Entry No. 26) is denied.

**AFFIRMED.**