NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY DAVID AGUILAR, | No. 19-55179 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02446-MMA-AGS |
| v. | |
| DARRYL BATES, M.D.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

California state prisoner Jerry David Aguilar appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment because Aguilar failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Aguilar's broken ankle and need for surgery.  *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (delays in medical treatment do not constitute an Eighth Amendment violation unless the defendants know that "delays would cause significant harm").

The district court did not abuse its discretion by denying Aguilar's motion for appointment of counsel because Aguilar failed to demonstrate exceptional circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by denying Aguilar's request for appointment of an expert under Federal Rule of Evidence 706 because such an appointment was not necessary for the court to make its determination.  *See Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical

matters."); *Walker v. Am. Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

We do not consider Aguilar's arguments regarding the district court's order denying Aguilar's post-judgment motions to reconsider, amend or alter the judgment because Aguilar failed to file a new or amended notice of appeal after the district court denied his post-judgment motions. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Harris v. Mangum*, 863 F.3d 1133, 1138 n.1 (9th Cir. 2017).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-55179