**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LI QIN,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BARBARA KONG-BROWN, is an arbitrator; et al.,<br><br>Defendants-Appellees. | No. 19-16194<br><br>D.C. No. 5:19-cv-00311-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

We sua sponte grant Qin leave to proceed in forma pauperis on appeal.

Li Qin appeals pro se from the district court's judgment dismissing her 42

U.S.C. § 1983 action alleging constitutional claims challenging the validity of a

private arbitration award.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Qin's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it is a "de facto appeal" of prior state court decisions and Qin raises claims that are "inextricably intertwined" with those state court decisions. *See id.* at 1163-65 (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims, as well as requests for damages, are "inextricably intertwined" with the state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

To the extent that Qin challenges the district court's order denying her motion for reconsideration, we lack jurisdiction over that decision because Qin did not file an amended notice of appeal after the district court denied the motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Harris v. Mangum*, 863 F.3d 1133, 1137-38 n.1 (9th Cir. 2017).

**AFFIRMED.**

19-16194