**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATTHEW WRIGHT,

              Plaintiff-Appellant,

v.

MICHAEL HATHAWAY; et al.,

              Defendants-Appellees,

 and

WASHINGTON STATE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES;
ELIZABETH HAINLINE,

              Defendants.

No.   21-35026

D.C. No. 2:19-cv-01633-RSM

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted February 9, 2022**
Seattle, Washington

---

       *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  BYBEE, BEA, and CHRISTEN, Circuit Judges.

Plaintiff Matthew Wright appeals the district court's grant of summary judgment in a lawsuit brought pursuant to 42 U.S.C. § 1983 alleging that defendants violated his First Amendment right to receive mail in Washington state prison.  We review de novo a district court's decision on a summary judgment motion.  *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.  Because the parties are familiar with the facts, we do not recite them here.

1.    Wright argues the district court erred by granting summary judgment in defendants' favor on his First Amendment retaliation claim.  We disagree because Wright has failed to show evidence of a constitutional violation.

Prisoners have a First Amendment right to receive mail in prison subject to reasonable regulation.  *See Thornburgh v. Abbott*, 490 U.S. 401, 407–08 (1989).  "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  "First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it."  *Id.* (internal quotations and citations omitted).  A second

2

factor is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90. A third factor is "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

The district court properly determined Wright has not raised a genuine dispute of material fact as to whether the rejection of his incoming mail was reasonably related to legitimate penological interests. The rejected mail contained unredacted documents with personal information about private citizens and other inmates, as well as duplicative and altered documents that were against the Department of Correction (DOC)'s mailing policy. *See also Thornburgh*, 490 U.S. at 413 (noting prison officials have more leeway to regulate incoming mail than outgoing mail because of the greater security risks inherent in materials coming into a prison). Here, DOC has legitimate reasons to regulate the presence of sensitive information in prison. *Cf. Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) ("Legitimate penological interests . . . include the prevention of criminal activity and the maintenance of prison security." (internal quotations omitted)). DOC also has a legitimate interest in enforcing its rule against duplicative documents, a policy tailored to reduce the administrative burden of reviewing

3

voluminous mailings. *Cf. Clement v. California Dept. of Corrections*, 364 F.3d 1148, 1152 (9th Cir. 2004). Wright had an alternative means of exercising his right to receive mail by either having the documents redacted prior to sending them to the facility, or by accessing the documents through his attorney. Accommodating Wright's request could have negatively impacted prison staff, other inmates, and third parties because the mail in question contained sensitive information. While Wright argues DOC could have redacted parts of the mailings that posed a security risk and returned the rest to him, the DOC apparently did send Wright copies of portions of the mailings that did not violate prison policy. Thus, Wright has not shown a constitutional violation because the prison's rejection of the mailings was reasonably related to legitimate penological interests, regardless of whether the mail fell outside the scope of the injunctions against him. Wright did not present a viable claim of First Amendment retaliation, *see Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005), and we affirm the district court's entry of summary judgment. We need not reach defendants' qualified immunity argument.

2. Wright submits that the district court abused its discretion by refusing to consider new evidence submitted with his Objections to the Report and Recommendation (R&R) to show he had exhausted his administrative remedies

with regard to the January 10 and August 8 mail rejections. The district court had discretion to consider new evidence submitted for the first time with objections to an R&R, but was not required to do so. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). Here, Wright did not explain at the time of submitting his Objections why the new evidence should be considered, nor why counsel explicitly stated previously that Wright did not have the evidence. The district court also concluded the magistrate's recommendations concerning exhaustion were supported even after considering the evidence. Thus, the district court's ruling was neither illogical nor implausible based on the evidence before it, and we conclude there was no abuse of discretion.

3. Finally, Wright argues the district court erred by finding this case to be frivolous, and in counting it as a strike under the Three Strikes provision of the Prison Litigation Reform Act (PLRA) 28 U.S.C. § 1915(g). "[A] case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). In light of the fact that many of Wright's original claims in this lawsuit were previously raised and deemed frivolous, *see Wright v. Washington*, No. C18-0927-RAJ-MAT, 2018 WL 5635124 (W. Dist. Wash. Oct. 2, 2018), and Wright had not exhausted his

5

administrative remedies, we conclude the district court did not err in concluding this lawsuit was frivolous.

However, we agree that this case does not count as a strike under the Three Strikes provision of the PLRA pursuant to this court's precedent in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017). In *Mangum*, we clarified that the dismissal of a case originally filed in state court and then removed to federal court does not constitute a strike because the prisoner did not bring the action "in a court of the United States" as required by § 1915(g). *Id.* at 1140. This suit was originally filed in state court. Thus, we reverse the district court's determination that the frivolity finding triggers a "strike" in this case.

**AFFIRMED in part, REVERSED in part. The parties shall bear their own costs.**