NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNARD LEE DAVIS, | No.  19-16616 |
| Plaintiff-Appellant, | D.C. No. 2:08-cv-00593-KJM-DB |
| and | |
| RONNIE TOLLIVER, Guardian Ad Litem for Kennard Lee Davis; et al., | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| JAMES WALKER, Warden; et al., | |
| Defendants-Appellees, | |
| and | |
| N. GRANNIS; et al., | |
| Defendants. | |

| | |
|---|---|
| KENNARD LEE DAVIS, | No.  19-16617 <br> 21-15232 |
| Plaintiff-Appellant, | |
| and | D.C. No. 2:10-cv-02139-KJM-DB |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

RONNIE TOLLIVER, Guardian Ad Litem
for Kennard Lee Davis; et al.,

        Plaintiffs,

  v.

JAMES WALKER, Warden; et al.,

        Defendants-Appellees,

 and

F. M. SCLUOD; et al.,

        Defendants.

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted April 12, 2022[**]

Before: D.W. NELSON, FERNANDEZ, and SILVERMAN, Circuit Judges.

Kennard Lee Davis appeals pro se the district court's orders administratively closing his two civil rights actions and denying his motion to reopen. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *See Davis v. Walker*, 745 F.3d 1303, 1308-10 (9th Cir. 2014). We review the district court's

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

administrative closure order for an abuse of discretion. *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017). We affirm in part and vacate and remand in part.

In appeal Nos. 19-16616 and 19-16617, we affirm the district court's administrative closure order. The district court properly exercised its discretion in granting motions to withdraw filed by Davis's guardian ad litem and counsel appointed to represent the guardian pursuant to Federal Rule of Civil Procedure 17(c)(2). *See* Cal. R. Prof. Conduct 1.16(b)(4). The district court also properly declined to appoint a new guardian or new counsel, when, on remand from this court, the district court already had appointed two attorneys to represent Davis, three guardians, and an attorney to represent two of the guardians, and, under the circumstances, it was unlikely that another person would be willing to serve as guardian or counsel. The district court therefore properly exercised its discretion in administratively closing the cases for as long as Davis remains incompetent. *See* Fed. R. Civ. P. 17(c)(2) (court must appoint a guardian ad litem or issue another appropriate order to protect an incompetent person who is unrepresented); *Davis*, 745 F.3d at 1311-12.

In appeal No. 21-15232, we vacate the district court's order denying Davis's motion to reopen for lack of jurisdiction. Davis sought reopening of proceedings and a reassessment of his competency, rather than reconsideration of the administrative closure order. Accordingly, the district court had jurisdiction to

consider Davis's motion.  *See Davis*, 745 F.3d at 1311 (holding that periodic reassessment of competency would be appropriate); *cf. Nat. Res. Def. Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.").

In appeal Nos. 19-16616 and 19-16617, the district court's administrative closure order is **AFFIRMED**.  In appeal No. 21-15232, we **VACATE** the district court's order and **REMAND** for the district court to consider Davis's motions to reopen proceedings and reassess his competency to proceed.

Davis's motions for reimbursement of costs (Docket Entry No. 53 in 19-16616; Docket Entry No. 51 in 19-16617; Docket Entry Nos. 15 and 16 in 21-15232) are denied.  The parties shall bear their own costs on appeal.