**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO VERA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CHRISTIAN PFIFFER, Warden, official capacity; DEPUTY ATTORNEY GENERAL, official capacity; FLORES, Sgt. official capacity; BALLESTEROS, State Officer, official capacity; T. YEDER, Correctional Counselor, official capacity; J. QUINONES, Officer, official capacity; M. GONZALEZ, Officer, official capacity; W. MASSIE, Officer, official capacity; R. PHILLIPS, Correctional; A. RENTERIA, Correctional; K. POWERS, Correctional; B. BAKER, Correctional; A. GONZALEZ, Correctional; ROMERO, Transportation Officer, official capacity; PADILLA, Transportation Officer, official capacity; HEATHER BUSHMAN ARAMBARRI, Official Capacity,<br><br>Defendants-Appellees. | No.    22-56150<br><br>D.C. No.<br>2:19-cv-06846-JAK-ADS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 2, 2024[]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Guillermo Vera, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action against Defendants under Federal Rule of Civil Procedure 12(b)(6) without leave to amend. Vera alleged Defendants—all state employees—committed various constitutional violations and sued them in their official capacity only. Vera alleged that these violations are the result of retaliatory acts against him for litigating a federal petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals pursuant to Rule 12(b)(6), *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010), and we review for abuse of discretion dismissals without granting leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm.

Vera's Second Amended Complaint ("SAC") is comprised of three separate claims. The first claim alleged violations of his First, Eighth, and Fourteenth Amendment rights in retaliation for his federal habeas litigation. Among other allegations, he asserted he was improperly transferred to a new prison cell which

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

could not accommodate his wheelchair and that he was improperly disciplined. The second claim alleged violations of Vera's Eighth Amendment rights for excessive force when he was harassed and assaulted during an improper transfer to a new prison. He alleged that such transfer caused loss of property and legal documents which prevented him from properly litigating his federal habeas case. The third claim alleged that Defendant Arambarri, a California Deputy Attorney General, used improper litigation tactics which resulted in Vera's federal habeas case dismissal.

1. For the purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we construe the pleadings in the light most favorable to the nonmoving party. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). We therefore take the factual allegations in Vera's complaint as true. *See id.* Since Vera is a state prisoner proceeding pro se, his SAC is "[held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Here, the district court properly dismissed Vera's SAC because he failed to identify any policy, practice, or custom of the state that allegedly violated federal law. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal

3

law." (citation and internal quotation marks omitted)). While Vera referenced various state laws and regulations, he did so only to allege that Defendants' conduct violated them. Vera did not allege or show that any of the cited state laws and regulations violated the Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation, thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." (internal citations and quotation marks omitted)); *see also Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

2. The district court did not abuse its discretion by denying Vera leave to file a Third Amended Complaint because further amendments would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendments would be futile). The district court allowed Vera to amend his complaint twice and provided him with specific information about the deficiencies that he needed to cure. Notwithstanding these opportunities, Vera failed to state a claim upon which

4

relief can be granted. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).[1]

Vera's remaining claims lack merit.

Vera's outstanding motions are denied.

**AFFIRMED.**

---

[1] In his opening brief, Vera purports to address the district court's denial of his October 31, 2022 Motion for Reconsideration. But Vera's Notice of Appeal only encompasses the judgment from the order of dismissal. Thus, the order denying the Motion for Reconsideration is not before us. *See Harris v. Magnum*, 863 F.3d 1133, 1138 n.1 (9th Cir. 2017) (explaining that since the notice of appeal did not mention the denial of plaintiff's motion for reconsideration, it was not before the Court); *see also* Fed. R. App. P. 3(c)(1)(B), 4(a)(4)(B)(ii).