NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF BURKHARD KETSCHAU, by and through Personal Representatives Ryan Ketschau and Ruby E Ketschau; RYAN KETSCHAU; RUBY E. KETSCHAU,

Plaintiffs - Appellants,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

Defendant - Appellee.

No. 24-6956

D.C. No. 2:24-cv-01437-LK

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Plaintiffs appeal pro se from the termination of their civil action for failure

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to pay the filing fee or file a request to proceed in forma pauperis ("IFP"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not err in terminating plaintiffs' civil action because they failed to pay the filing fee or file a request to proceed IFP by the deadline set by the court. *See* 28 U.S.C. §§ 1914(a) (providing that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee"), 1915(a)(1) (setting forth provisions for proceeding IFP); W.D. Wash. Civ. R. 3(b)-(c) (providing that a party must pay the civil filing fee unless proceeding IFP and setting forth procedure for proceeding IFP); *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017) (explaining that "a plaintiff must pay a fee before he may file a complaint in federal court" unless he demonstrates indigence, in which case he may proceed IFP).

We reject as unsupported by the record plaintiffs' contentions that the district court was biased against them, deprived them of their rights, or improperly sealed any exhibit.

This disposition is without prejudice to plaintiffs' raising with the district court their belated payment of the filing fee.

All pending requests are denied.

**AFFIRMED.**