NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEVIN ANDRICH,

Plaintiff-Appellant,

v.

CHARLES L. RYAN; et al.,

Defendants-Appellees.

No.  18-17075

D.C. No. 2:16-cv-02734-GMS-JZB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted January 8, 2020**

Before:  CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Former Arizona state prisoner Devin Andrich appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging Eighth Amendment claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Andrich failed to exhaust administrative remedies, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion . . . which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable).

The district court did not abuse its discretion in denying Andrich's motion to modify the scheduling order because Andrich failed to show good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (setting forth standard of review and explaining that moving party must demonstrate "good cause" to modify pretrial scheduling order).

The district court did not abuse its discretion by denying Andrich's motion to strike because Andrich failed to demonstrate any error or prejudice. *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) ("Evidentiary rulings made in the context of summary judgment motions are reviewed for abuse of discretion and can only be reversed if [they were] both manifestly erroneous and prejudicial."

(alteration in original) (citation and internal quotation marks omitted)).

We do not consider the district court's order denying Andrich's post-judgment motion for reconsideration because Andrich failed to file a new or amended notice of appeal after the district court denied his post-judgment motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Harris v. Mangum*, 863 F.3d 1133, 1138 n.1 (9th Cir. 2017).

We reject as unsupported by the record Andrich's contentions of misconduct by the district court or defendants.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**