**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

ERIC CHARLES RODNEY KNAPP,
*Plaintiff-Appellant*,

v.

HOGAN, C.O.; R. POE, C.O.; J.
ETHEREDGE, C.O.; T. GUTIERREZ,
C.O.; MARY LATTIMORE, WARDEN,
C.O.; LINDA WARREN, C.O.; J.
WHITTLE, C.O.; STEVE WHITE; C.
BROWN; DANZIGER; HEIN; KAISER;
KANIPE; KEELAND; KING; SAUCEDA;
SMITH; - ALI; FOWLER; MESA;
NELSON; O'CONNOR; STEWART;
VASQUEZ; CAMPBELL; CARILLO;
CHERRY; DOHERTY; GENTILE;
HENDERSON; KLINEFELTER; OLSEN;
SEINWERTH; D. BROWN; KUDLATA;
LAGUNA; LINCOLN; RENDON;
REYES; SUBIA; MYNIER; BOYD;
KERNAN; SILVA; HICKMAN;
KNOWLES; EMIGH; GRANNIS;
HANSEN; HURDLE; MELCHING;
PRESLEY; RIANDA; TAYLOR; URIBE;
M. BROWN; BROYLES;
CLEVENSTINE; HENSLEY; KNIPP;
LEEWORTHY; MCNEIL; REAVES;
ROBINSON; STANLEY,
*Defendants-Appellees*.

No. 11-17512

D.C. No.
2:05-cv-02520-
KJM-CMK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted
November 6, 2013—San Francisco, California

Filed December 26, 2013

Before: Jerome Farris, Ferdinand F. Fernandez,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Farris

## SUMMARY[*]

### Prison Litigation Reform Act

The panel dismissed a California state prisoner's 42 U.S.C. § 1983 appeal because the prisoner was disqualified from proceeding in forma pauperis under the Prison Litigation Reform Act for having three prior strikes.

The panel held that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement count as strikes for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings was afforded and there was no modification within a reasonable time.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Mark T. Roche (argued), Baker & McKenzie LLP, San Francisco, California; Erin Tanner and Angela Vigil, Baker & McKenzie LLP, Dallas, Texas, for Plaintiff-Appellant.

Jaime Ganson (argued), Deputy Attorney General, Office of the California Attorney General, Sacramento, California, for Defendants-Appellees J. Etheredge, Linda Warren, T. Gutierrez, R. Poe, Hogan, and Mary Lattimore.

Peter C. Zilaff (argued), Longyear, O'Dea & Lavra, LLP, Sacramento, California, for Defendant-Appellee J. Whittle.

Damon M. Thurston (argued) and Geoffrey A. Beaty, Rankin, Sproat, Mires, Beaty & Reynolds, Oakland, California, for Defendant-Appellee Steve White.

## OPINION

FARRIS, Senior Circuit Judge:

Knapp is a California state prisoner who alleges various civil rights claims against prison and other state officials under 42 U.S.C. § 1983. The general theory behind these claims is that prison officials began a long course of retaliatory conduct, of which the governmental actors were aware, because of Knapp's mother's website—a website dedicated to exposing prison corruption and fighting for inmates' rights. The district court granted summary judgment for the defendants. Knapp appealed. The defendants now move to dismiss, arguing that Knapp is disqualified from proceeding in forma pauperis.

Under the Prison Litigation Reform Act, a prisoner may not proceed in forma pauperis after having three prior actions dismissed for certain enumerated reasons (these are called "strikes"). 28 U.S.C. § 1915(g). Knapp has filed many civil actions, but in contention here are three district court cases and two appeals. All three of the trial court actions resulted in dismissal under Federal Rule of Civil Procedure 8(a): Knapp's pleadings were dismissed for being too long and incoherent. *See Knapp v. Knowles*, No. 2:03-cv-00394 (E.D. Cal. 2004); *Knapp v. Knowles*, No. 2:06-cv-00453 (E.D. Cal. 2007); *Knapp v. Harrison*, No. 06-cv-07702 (C.D. Cal. 2008). Knapp appealed two of these dismissals, and this Court denied relief after receiving certifications from the district court that the appeals were "not in good faith." *Knapp v. Knowles*, No. 04-16701 (9th Cir. 2005); *Knapp v. Harrison*, No. 08-56629 (9th Cir. 2009). At issue is whether at least three of these dismissals counted as a strike under the Prison Litigation Reform Act, thus disqualifying Knapp from in forma pauperis status. We have jurisdiction pursuant to 28 U.S.C. § 1291. We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement are strikes as "fail[ures] to state a claim," 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.

## I.

## A.

The Prison Litigation Reform Act limits the ability of an inmate to file an action in forma pauperis:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

28 U.S.C. § 1915(g). We have interpreted the first two forms of dismissal—"frivolous" and "malicious"—according to their plain meaning. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A claim is "frivolous" when it is without "basis in law or fact," and "malicious" when it is "filed with the intention or desire to harm another." *Id.* We have interpreted the final form of dismissal under the statute, "fail[ure] to state a claim upon which relief may be granted," to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893 (9th Cir. 2011) (citing past cases) ("Congress chose to mirror the language of Federal Rule of Civil Procedure 12(b)(6)").

The question in this case is how Rule 8(a) dismissals comport with the Prison Litigation Reform Act's strike requirements. Rule 8 requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for relief sought. Fed. R. Civ. P. 8(a). Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says *too little*—the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Rule is

also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").[1]

It is well settled that, in determining a § 1915(g) "strike," the reviewing court looks to the dismissing court's action and the reasons underlying it. *Andrews*, 398 F.3d at 1121 (holding that reviewing courts should make "careful evaluation" of "the orders dismissing those actions and other relevant information," and should "consider[] the underlying court orders [and] mak[e] an independent assessment"). This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive. It cannot be true, then, that a Rule 8(a) dismissal is categorically included *or* excluded from counting as a § 1915(g) "strike." Each dismissal under the Rule must be assessed independently: did the Rule 8(a) dismissal result from the court's appraisal of the merits of the case (i.e., was it "frivolous" or did it "fail to state a claim"), or did the dismissal result from an appraisal of the prisoner's state of mind (i.e., "malicious")? It is best practice for a district court to expressly indicate when a dismissal falls into one of the three categories.

---

[1] Of course, the plain text of the Rule suggests that there are other possible ways that it could be violated—say, a failure to demand any relief. This also shows that Rule 8(a) and Rule 12(b)(6) can overlap.

B.

The burden of establishing that three strikes have accrued is on the party challenging the prisoner's right to proceed in forma pauperis. *Andrews*, 398 F.3d at 1116. If a prima facie case is made out, the burden then shifts to the prisoner-plaintiff to rebut it. *Id.* If the record is not determinative, remand to the district court is appropriate. *Id.* Here, the defendants argue that Knapp has accumulated five strikes, and point to five prior dismissals of actions or appeals—three from the district court, and two dismissed appeals.

The dismissed appeals clearly count as strikes because they relied on district court findings that the appeal "[was] not taken in good faith,"[2] *Knapp v. Knowles*, No. 04-16701 (9th Cir. 2005); *Knapp v. Harrison*, No. 08-56629 (9th Cir. 2009), and lack of "good faith" in this context has been held to be equivalent to a finding of frivolity. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).

The three district court dismissals are also strikes. In each case, Knapp filed complaints that violated Rule 8(a)'s "short and plain statement" requirement, was given leave to amend, but nevertheless failed to correct the violation after repeated warnings by the district court. We hold that dismissals following the *repeated* violation of Rule 8(a)'s "short and plain statement" requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g). While past cases have found that this type of strike is accrued by a Rule 12(b)(6) dismissal, they do not hold that this is the only

---

[2] Under the Prison Litigation Reform Act, IFP appeals may not be taken if the trial court "certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3).

possible way. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893 (9th Cir. 2011) (citing cases). We find the reasoning of the Seventh Circuit to be persuasive: after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, "the judge [is] left with [] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim." *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011). When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.

Such a narrow expansion of the definition of "failure to state a claim" beyond Rule 12(b)(6) dismissals is fully in harmony with the purposes of the Prison Litigation Reform Act. In assessing the constitutionality of § 1915(g), we recognized that the Act's three-strike rule "was enacted to curtail the extraordinary costs of frivolous prisoners suits and minimize such costs to the taxpayers." *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir. 1999) ("[P]risoners file a disproportionate number of frivolous suits…because of 'potential gains and low opportunity costs.'… Requiring prisoners to pay filing fees for suits will force them to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?" (internal citation omitted)). The animating concern was obvious: too many prisoner lawsuits were wastes of the courts' valuable time. H.R. REP. NO. 104-21 (1995), at 7 ("Too many frivolous lawsuits are clogging the courts, seriously undermining the administration of justice."). Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected

to "fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Here, the district court dismissed one of Knapp's actions for "*repeated* disobedience of…Rule 8 of the Federal Rules of Civil Procedure." *Knapp v. Knowles*, No. 2:03-cv-00394 (E.D. Cal. 2004) (emphasis added). In another action, the district court dismissed for "*repeated* failure to comply with Fed. R. Civ. P. 8." *Knapp v. Knowles*, No. 2:06-cv-00453 (E.D. Cal. 2007) (emphasis added). In the final case, *Knapp v. Harrison*, the court's rationale for dismissal noted that "plaintiff has proceeded with knowledge of the pleading requirements and that affording plaintiff a further opportunity to state his claims in a proper manner would be a pointless exercise." *Knapp v. Harrison*, No. 06-cv-07702 (C.D. Cal. 2008). These cases were dismissed because Knapp, after having been given numerous chances to perfect his pleadings, "fail[ed] to state a claim." 28 U.S.C. § 1915(g).

Knapp accrued two strikes for the Ninth Circuit dismissals, and three additional strikes for the district court dismissals. He has more than met the requirement for a revocation of in forma pauperis status under the Prison Litigation Reform Act. His appeal is DISMISSED.

**DISMISSED.**