**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | No. 11-17257 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00412-GBC |
| v. | |
| ARLITZ, Prison Captain Guard; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding**

Submitted May 13, 2014***

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

California state prisoner Eric Charles Rodney K'napp appeals pro se from

the district court's order revoking in forma pauperis status in his 42 U.S.C. § 1983

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    K'napp consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g), *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007), and for an abuse of discretion its denial of leave to proceed in forma pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We reverse and remand in light of intervening authority.

The district court revoked K'napp's in forma pauperis status because it counted four dismissals as strikes under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g) (prisoner may generally not bring a civil action in forma pauperis if he has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim). However, our intervening decision in *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011), held that "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal . . . [which] means that a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." *Id.* at 1100 (citation and internal quotation marks omitted); *cf. Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (later recognizing that K'napp has more than three

dismissals that count as strikes, which disqualify him from proceeding in forma pauperis under 28 U.S.C. § 1915(g) in a future action).  Under *Silva*, two of the four dismissals identified by the district court did not yet count as strikes at the time that K'napp filed his complaint because either the Supreme Court had not yet denied K'napp's petition for writ of certiorari or his time to file a petition for writ of certiorari had not expired.  Accordingly, we reverse and remand in light of this intervening authority.

We lack jurisdiction to consider the district court's order denying K'napp's motion for reconsideration because K'napp failed to file an amended or separate notice of appeal.  *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

**REVERSED AND REMANDED.**