**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | No. 15-15281 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00412-SAB |
| v. | |
| ARLITZ, Prison Captain Guard; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding[**]

Submitted July 26, 2016[***]

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Eric Charles Rodney K'Napp appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     K'napp consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)). We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed K'napp's supervisory liability claims because K'napp failed to allege facts sufficient to show that the supervisory defendants were personally involved in a constitutional violation or that their conduct caused any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court properly dismissed K'napp's equal protection claims because K'napp failed to allege facts sufficient to show that he was treated differently from similarly situated individuals without a rational basis. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of "class of one" equal protection claim); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether a complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint").

The district court properly dismissed K'napp's retaliation claims because K'napp failed to allege facts sufficient to show that any defendant took any adverse action against him because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in prison context); *Nat'l Ass'n for the Advancement of Psychoanalysis*, 228 F.3d at 1049.

The district court properly dismissed K'napp's deliberate indifference claims because K'napp failed to allege facts sufficient to show that any defendant was deliberately indifferent to his health or safety. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health or safety); *Nat'l Ass'n for the Advancement of Psychoanalysis*, 228 F.3d at 1049.

The district court properly dismissed K'napp's deprivation of property claim because California state law provides an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (an unauthorized property deprivation is not cognizable under § 1983 because California state law provides an adequate post deprivation remedy). To the extent that K'napp alleged the deprivation of his property violated the Fourth Amendment, dismissal was proper because the Fourth Amendment "does not protect an inmate from the seizure and destruction of his property." *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

The district court properly dismissed K'napp's claims regarding the processing of his grievances because prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court did not abuse its discretion in denying K'napp leave to file a Fifth Amended Complaint after explaining the deficiencies in his prior complaints and giving K'napp prior opportunities to amend. *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1114, 1116 (9th Cir. 2014) (setting forth standard of review and explaining that a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend").

The district court did not err in denying K'napp's motion to withdraw his consent to proceed before a magistrate judge because K'napp did not show "good cause" or "extraordinary circumstances." 28 U.S.C. § 636(c)(4); *see also* E.D. Cal. R. Appendix A(k)(4) (where prisoner consents to proceed before a magistrate judge, the magistrate judge shall act pursuant to § 636(c) "until the action is reassigned to a District Judge as required by this subsection or otherwise applicable law"); *Wilhelm*, 680 F.3d at 1118 (standard of review); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (consent to proceed before a magistrate judge

may only be withdrawn by a showing of good cause or extraordinary circumstances).

K'napp's contentions that the district court should have appointed him counsel, erroneously captioned his complaint, wrongly imposed a page limit on his amended complaints, and was biased against him, discriminated against him, or retaliated against him lack merit.

K'napp's contention that the district court improperly revoked his previously granted in forma pauperis status is without merit because K'napp has three strikes. *See Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015) (overruling *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011)); *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) ("Knapp accrued two strikes for the Ninth Circuit dismissals, and three additional strikes for the district court dismissals.").

We do not consider K'napp's arguments regarding the dismissal of his prior complaints, each of which was dismissed with leave to amend. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." (citation and internal quotation marks omitted)).

While the district court should have entered a final order after K'napp filed a notice of intent to stand on his third amended complaint rather than requiring him

to file a fourth amended complaint, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) (en banc), K'napp has not shown that he suffered any harm.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-15281