**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

DEC 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 16-16418 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00506-MCE-EFB |
| v. | |
| HARPER, Correctional Sergeant, High Desert State Prison, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Gregory C. Bontemps, a California state prisoner, appeals pro se from the

district court's order dismissing his 42 U.S.C. § 1983 action for failure to pay the

filing fee after revoking his in forma pauperis status ("IFP") on the ground that

Bontemps has "three strikes" under 28 U.S.C. § 1915(g).  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016).  We affirm.

The district court properly revoked Bontemps' IFP status because at least three of Bontemps' prior cases qualified as "strikes" under 28 U.S.C. § 1915.  *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (defining when a case is frivolous or malicious, or fails to state a claim under 28 U.S.C. § 1915, and can be considered a strike).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-16418