**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SON HONG,

Plaintiff-Appellant,

v.

MILDRED GARCIA, et al.,

Defendants-Appellees.

No.   21-55019

D.C. No.
8:19-cv-00086-RGK-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 21, 2022**
San Francisco, California

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Son Hong appeals pro se from the district court's order dismissing his action

alleging various federal constitutional and statutory claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure

to state a claim under Rule 12(b)(6), *see Mudpie, Inc. v. Travelers Cas. Ins. Co. of*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Am.*, 15 F.4th 885, 889 (9th Cir. 2021), and for abuse of discretion the denial of leave to amend, *see Drew v. Equifax Info. Servs.*, 690 F.3d 1100, 1105–06 (9th Cir. 2012). We affirm.

The district court properly dismissed Hong's action because Hong failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Shooter v. Arizona*, 4 F.4th 955, 960 (9th Cir. 2021) (requirements for equal protection claim); *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (elements of Title VI claim); *Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020) (elements of Title IX claim). The operative complaint does not contain sufficient plausible, non-conclusory allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Hong voluntarily dismissed his breach of contract claim. *See Ho v. ReconTrust Co., NA*, 858 F.3d 568, 577 (9th Cir. 2017) (claims dismissed without prejudice and not repleaded are not preserved for appeal).

The district court did not abuse its discretion in dismissing Hong's action without leave to amend because further amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013); *Mai v. United States*, 952 F.3d 1106, 1112 (9th Cir. 2020) (dismissal is affirmed when a "district court determines that further amendment would be futile" and "it is clear, upon de novo review, that the complaint could not be saved by any amendment" (citation omitted)). Moreover, Hong was given a previous opportunity to amend his complaint. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is "particularly broad" when it has already granted leave to amend). Despite "spen[ding] nearly one hundred additional pages," Hong's prior amendment failed to cure the deficiencies identified by the district court. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

**AFFIRMED.**