[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10178

Non-Argument Calendar

_____

JASON ELLIOTT SMITH,
a.k.a. Bonnie Lashay,
a.k.a. Stacey,

                                        Plaintiff-Appellant,

*versus*

DELWYN GERALD WILLIAMS,
Pastor,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00171-WS-MJF

_____

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Jason Smith, a Florida prisoner proceeding *pro se*, brought a complaint under 42 U.S.C. § 1983 alleging sexual abuse by Delwyn Gerald Williams, a pastor at a church Smith attended more than thirty years ago, when he was eleven or twelve years old. The complaint was referred to a magistrate judge, who granted Smith leave to proceed *in forma pauperis* and then recommended that the case be dismissed for failure to state a claim, under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), before service on the defendant. In response, Smith submitted a filing seeking to voluntarily dismiss the case and to receive a refund of his court fees. Smith said that he was unaware he could not sue a private party under § 1983 and would not have "waste[d]" the clerk's or the court's time had he known.

The district court, rather than treating Smith's filing as a self-executing notice of dismissal under Fed. R. Civ. P. 41, referred the matter to the magistrate judge, who issued a report recommending that Smith's requests be denied. The magistrate judge made that recommendation in an attempt to further the purposes of the "three-strikes provision" of the Prison Litigation Reform Act

("PLRA"), which prevents prisoners from proceeding IFP if they have had three prior cases dismissed on the grounds that the allegations of the complaint were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The magistrate judge reasoned that, because Rule 41(a) is "[s]ubject to . . . any applicable federal statute," Fed. R. Civ. 41(a), prisoners cannot exercise their right to a voluntary dismissal after an adverse recommendation under § 1915(e)(2)(B)(ii) or § 1915A(b)(1); otherwise, they could avoid receiving a "strike" under the PLRA and thereby frustrate congressional intent. The district court adopted the magistrate judge's recommendation, and this appeal followed.

Smith, represented by counsel on appeal, contends that the district court erred by invoking the PLRA's purposes to trump his clear right to voluntarily dismiss the action under Rule 41. We agree.

As relevant here, Rule 41(a)(1) entitles a plaintiff to voluntarily "dismiss an action *without a court order* by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added). A notice of dismissal "is effective immediately upon filing," *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012) (quotation marks omitted), and "the district court is immediately deprived of jurisdiction over the merits of the case," *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021).

Nevertheless, Rule 41 is "[s]ubject to . . . any applicable federal statute," as the district court observed. Fed. R. Civ. P. 41(a)(1). The court discerned a conflict between the literal operation of Rule 41(a)(1) and the PLRA's purpose, which is to "deter frivolous suits," *Bruce v. Samuels*, 577 U.S. 82, 88 (2016), and opted to enforce the PLRA policy.

But "courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." *Jones v. Bock*, 549 U.S. 199, 212 (2007). And the district court's reasoning in this case directly conflicts with our decision in *Daker v. Commissioner, Georgia Department of Corrections*, 820 F.3d 1278, 1285–86 (11th Cir. 2016). In *Daker*, we refused to count as a "strike" the prisoner's failure to prosecute an appeal, even though our decision meant that "a prisoner can file unlimited frivolous appeals and avoid getting strikes by declining to prosecute the appeals after his petitions to proceed in forma pauperis are denied." *Id.* at 1286. That policy concern, we explained, did not permit us to "rewrite the text to match our intuitions about unstated congressional purposes." *Id.*

That is also true here. We find no language in the PLRA purporting to limit or condition a plaintiff's right to voluntarily dismiss an action "without a court order" under Rule 41(a) in the prisoner-litigation context. Smith acted within the bounds of Rule 41(a) by filing a notice of dismissal before the defendant responded. That notice was effective immediately upon filing and deprived the court of jurisdiction over the case. *Devine*, 998 F.3d at 1265. And

it follows that if failure to prosecute an appeal does not count as a PLRA "strike," *Daker*, 820 F.3d at 1285–86, neither does voluntary dismissal of an action pursuant to Rule 41(a).  Although this interpretation may permit a prisoner to evade a strike by voluntarily dismissing a case after a magistrate judge's adverse screening recommendation, we cannot "rewrite the text to match our intuitions about unstated congressional purposes," just as we could not do so in the face of similar concerns in *Daker*.  *Id.* at 1286; *see Jones*, 549 U.S. at 212.

The district court's judgment is accordingly vacated, and the case is remanded with the instruction that the district court instruct the Clerk to note the vacatur of the judgment on the case docket sheet and substitute for the judgment a voluntary dismissal pursuant to Rule 41(a).

**VACATED AND REMANDED with instructions.**