FILED

**NOT FOR PUBLICATION**

SEP 16 2024

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LETRICIA LAVERN BROWN, on behalf of herself and all others similarly situated,

        Plaintiff-Appellant,

  v.

STATE OF CALIFORNIA; COUNTY OF LOS ANGELES (erroneously sued as LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY DEPARTMENT OF CHILDREN & FAMILY SERVICES; LOS ANGELES COUNTY SHERIFF DEPARTMENT - LOMITA STATION; COUNTY OF LOS ANGELES DISTRICT ATTORNEY OFFICE; and HARBOR UCLA MEDICAL CENTER); TORRANCE MEMORIAL MEDICAL CENTER; UNITED STATES OF AMERICA; PALOS VERDES PENINSULA UNIFIED SCHOOL DISTRICT, Erroneously Sued As Pointe Vincente Elementary School; POINT VICENTE ELEMENTARY SCHOOL; JULIET DANIELS; STEVEN GUMBUS; EBONY GUMBUS; AVANA RANCHO PALOS VERDES; WEINGART YMCA

No.   23-55813

D.C. No.
2:23-cv-01966-ODW-PVC

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WELLNESS AND AQUATIC CENTER; ANGELA WILLIAMS; WILLIE SMITH; ROSCOE'S CHICKEN N' WAFFLES; CMB AUTO SALES AND SERVICES; CITY OF REFUGE CHURCH; SHILOH MONITORING SERVICES; MARVEL STUDIOS LLC; FEDERAL BUREAU OF INVESTIGATION; CENTRAL INTELLIGENCE AGENCY; EDMUND D. EDELMAN CHILDREN COURTHOUSE; SUPERIOR COURT OF THE STATE OF CALIFORNIA; CLOUD ESCROW, INC.; INVESTNOTIC, LLC; THE HOUSE TEAM, INC.; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; BAILEY CARE HOME; SHIH KAO; LINE CARE STAFFING; LEARNING VILLE CHILDCARE; WARNER BROTHERS TELEVISION PRODUCTIONS; STEVEN D. KRAMER, Attorney at Law; TANYA; SOUTH CENTRAL LOS ANGELES REGIONAL CENTER FOR DEVELOPMENTALLY DISABLED PERSONS, INC., Erroneously Sued As Los Angeles Regional Medical Center; EXODUS RECOVERY, INC.; DAVITA DIALYSIS INGLEWOOD; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; IVY PARK, LLC; TERRANEA RESORT; REBECCA CHMURA; COLLINS + COLLINS LLP (erroneously sued as COLLINS COLLINS MUIR + STEWART LLP); COUNTY OF LOS ANGELES FIRE DEPARTMENT; DIGNITY HEALTH; GLENDALE MEMORIAL HOSPITAL AND HEALTH

CENTER; LA CASA; APPLE, INC.; DON AUSTIN, Doctor, PhD, Superintendent; BETH HADLEY, Principal; CARLA VESTAL; LIZ WARNER; VICHEA, Ms.; LE, Deputy; TINA MCCOY, Sergeant; JASON SMITH, Sheriff Deputy; STEFF PADILLA, Comissioner; THOMAS GORDAN; SANTI ROGERS; LATOYA JACKSON; ROBIN REUX; MICHAEL L. STERN, Judge; EDGAR MUSNGI, Physician; SHEN H. ANDREW, Physician; SARA DACQUISTO, Registered Nurse; MARK ASHLEY BROWN, Attorney; AANE CONSULTANTS; BRENDA HUGHLEY, Registered Nurse; WESTMED, DBA McCormick Ambulance; RELAXATION SPOT; DERRELL CUNEGIN; CALIFORNIA COURT OF APPEAL; STATE OF CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES; STATE OF CALIFORNIA DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHRISTOPHER HOFFMAN; FRANK C. SANTORO II, Deputy District Attorney; ELYSIA MORGAN, Licensed Clinical Social Worker; DIANE DANIEL; AMANDA SANCHEZ; ALAINA, Senior Law Enforcement employee, Las Vegas Metropolitan Police Station; CAROLYN B. KUHL, Judge "SUPERIOR"; E. L. EGERTON, Justice "AMERICA"; LAVIN, Justice "AMERICA"; DAVID RAD, Physician of "COUNTY"; JESSICA AUSTIN; SHAGUFTA YOUSUFZAI,

L.C.S.W. of "COUNTY"; BEYONCE
KNOWLES; DOES, 1-200 inclusive,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted September 16, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges

Plaintiff, Letricia Lavern Brown, appeals pro se from the district court's

dismissal of her First Amended Complaint. We have jurisdiction pursuant to 28

U.S.C. § 1291. We review for an abuse of discretion the dismissal pursuant to

Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of

Civil Procedure 8. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.

1981). "The propriety of dismissal for failure to comply with Rule 8 does not

depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84

F.3d 1172, 1179 (9th Cir. 1996). "We may affirm on any ground supported by the

record." *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021) (internal

quotation marks omitted). We affirm.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

4

Contrary to plaintiff's argument, the district court had removal jurisdiction because the original complaint alleged federal civil rights violations. *See* 28 U.S.C. § 1441(a) (allowing removal if the district court has original jurisdiction); 28 U.S.C. § 1331 (setting forth original jurisdiction); *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (explaining that a case arises under federal law if "federal law creates the cause of action"). Nor was the state court required to order the removal. Rather, the defendant could remove by filing a timely notice of removal in the federal district court pursuant to 28 U.S.C. § 1446.

Plaintiff waived any procedural defects in removal by not filing a timely motion to remand *and* arguing that the case should have been remanded because of the procedural defects. *See Vasquez v. N. Cnty. Transit Dist.* 292 F.3d 1049, 1060 n.5 (9th Cir. 2002) (failure of some defendants to join in the notice of removal is waived, unless a party makes a timely motion to remand); *Kleiser v Chavez*, 55 F.4th 782, 784 (9th Cir. 2022) (arguments not made in the district court are waived).

The district court complied with 28 U.S.C. § 636(b)(1) by referring the case to the magistrate judge for non-dispositive orders. The district judge, not the magistrate judge, dismissed the action, after a de novo review of the magistrate judge's report and recommendation.

5

The district court did not abuse its discretion by denying plaintiff's requests for default judgment, particularly in light of "the lack of merit in [plaintiff's] substantive claims." *Aldabe v. Aldabe*, 616 F.2d 1089, 1992-93 (9th Cir. 1980).

The district court acted within its discretion by dismissing the First Amended Complaint without leave to amend pursuant to Federal Rules of Civil Procedure 8(a) and 41(b). The First Amended Complaint is 221 pages long, with an additional 244 pages of exhibits and almost a hundred defendants. The volume of the complaint and extensive number of unrelated, mixed allegations violate Rule 8. Many of the claims seek to set aside final state court decisions, including a 2018 civil action in which the defendants prevailed, 2018 dependency proceedings, and 2018 divorce proceedings. The allegations are frivolous, conclusory, unsupported by underlying facts, clearly untimely or otherwise barred, not plausible on their face, and not legally cognizable. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (explaining that a pleading that "says *too much*" violates Rule 8(a) and defining frivolous "according to [its] plain meaning" as "without basis in law or fact") (emphasis in the original and internal quotation marks omitted).

Moreover, the district court reasonably concluded that amendment would be futile in light of the fact that plaintiff's First Amended Complaint was much larger than the original complaint, doubled the number of defendants, and alleged even

6

more unrelated claims that were frivolous, not plausible, untimely on their face, subject to immunity, and/or otherwise barred. *See Nevijel*, 651 F.2d at 674 (finding no abuse of discretion in dismissing with prejudice where the amended complaint "was equally as verbose, confusing and conclusory as the initial complaint").

The district court properly held that plaintiff's notice of appeal divested the district court of jurisdiction to consider the post-appeal motion for a new trial. *Pope v. Sav. Bank of Puget Sound*, 850 F.2d 1345, 1347 (9th Cir. 1988).

Appellees' motion to correct caption to correctly name the defendants (Dkt. Entry No. 44) is GRANTED. The Clerk of Court shall correct the names of the defendants as requested in the motion. Appellant's motions (Dkt. Entry Nos. 48, 54, 55, 62, 63, 64, 65, 66, 67, 68, 69, 70, and 71) are DENIED.

**AFFIRMED**.