**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD B. SPENCER, | No. 24-2441 |
| *Plaintiff - Appellant*, | D.C. No. 1:23-cv-01033-JLT-GSA |
| v. | |
| A. BARAJAS, Correctional Officer; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | OPINION |
| *Defendants - Appellees*. | |

| | |
|---|---|
| EDWARD B. SPENCER, | No. 24-2442 |
| *Plaintiff - Appellant*, | D.C. No. 1:20-cv-00682-JLT-GSA |
| v. | |
| RICHARD MILAN, Supervisor of Building Trades at SATF, | |
| *Defendant - Appellee*. | |

EDWARD B. SPENCER,

        *Plaintiff - Appellant,*

  v.

J. JASSO; S. HILLMAN, Mail Room
Supervisor,

        *Defendant - Appellee.*

No. 24-2443

D.C. No.
1:20-cv-00909-
JLT-GSA

EDWARD B. SPENCER,

        *Plaintiff - Appellant,*

  v.

L. PULIDO-ESPARZA, Correctional
Officer at SATF; C. SMITH,
Correctional Lieutenant at
SATF; STUART SHERMAN,
Warden at SATF; CALIFORNIA
DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

        *Defendants - Appellees.*

No. 24-2444

D.C. No.
1:20-cv-01176-
JLT-GSA

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted May 14, 2025
San Francisco, California

Filed June 6, 2025

Before: Sidney R. Thomas, Milan D. Smith, Jr., and Daniel
A. Bress, Circuit Judges.

Opinion by Judge Sidney R. Thomas

## SUMMARY[**]

### Prison Litigation Reform Act

Reversing the district court's revocation of plaintiff's in forma pauperis status in four cases on appeal and remanding, the panel held that voluntary dismissals under Federal Rule of Civil Procedure 41(a)(1) do not constitute strikes under the Prison Litigation Reform Act ("PLRA").

The three-strikes provision of the PLRA restricts incarcerated litigants from proceeding in forma pauperis if they have, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The panel held that "on the grounds that" clause in 28 U.S.C. § 1915(g) requires "grounds" to be decided by a court. Voluntary dismissals do not have "grounds" decided by a court. Rather, they are automatic upon notice by the plaintiff. Rule 41(a)(1) voluntary dismissals, therefore, cannot count as strikes, because they are never "on the grounds that" the case was frivolous, malicious, or failed to state a claim.

## COUNSEL

Margaret O. Rusconi (argued) and Z.W. Julius Chen, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C.; Christine A. Monta, Roderick & Solange MacArthur Justice Center, Washington, D.C.; for Plaintiff-Appellant.

Martha P. Ehlenbach (argued) and Jaime M. Ganson, Deputy Attorneys General; Neah Huynh, Supervising Deputy Attorney General; Monica N. Anderson, Senior Assistant Attorney General; Rob Bonta, Attorney General of California; Office of the California Attorney General, Sacramento, California; Adriano Hrvatin, Supervising Deputy Attorney General, Office of the California Attorney General, San Francisco, California; for Defendants-Appellees.

**OPINION**

S.R. THOMAS, Circuit Judge:

This appeal presents the question of whether voluntary dismissals under Federal Rule of Civil Procedure 41(a)(1) count as "strikes" that can prevent a prisoner from litigating *in forma pauperis* ("IFP") under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

We have jurisdiction to review the revocation of IFP status under 28 U.S.C. § 1291. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). "We review the district court's interpretation and application of § 1915(g) de novo." *Id.*

We hold that Rule 41(a)(1) voluntary dismissals do not count as strikes, and we reverse the judgment of the district court.

I

Qualifying indigent litigants may litigate IFP, meaning that they do not have to prepay filing fees. *See* 28 U.S.C. § 1915(a). But the three-strikes provision of the PLRA restricts that ability for incarcerated litigants, providing:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [IFP status] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Edward Spencer is indigent and incarcerated. He has filed many previous lawsuits while incarcerated.[1] He concedes that two of those actions resulted in strikes: *Spencer v. Sherman*, No. 1:17-cv-1025 (E.D. Cal. Apr. 25, 2018), and *Spencer v. Kokor*, No. 1:17-cv-1561 (E.D. Cal. June 26, 2018) ("*Kokor II*"). Spencer disputes whether two other actions resulted in strikes: *Spencer v. Beeler*, No. 1:13-cv-1624 (E.D. Cal. Sept. 22, 2014), and *Spencer v. Kokor*, No. 1:17-cv-597 (E.D. Cal. Apr. 6, 2018) ("*Kokor*").

In *Beeler*, a magistrate judge found at screening that Spencer's complaint failed to state a claim, and so entered an order dismissing the complaint—but not the action—with leave to amend. Rather than amending the complaint, Spencer voluntarily dismissed the action pursuant to Rule 41(a)(1). Fed. R. Civ. P. 41(a)(1).

In *Kokor*, a magistrate judge also found at screening that Spencer's complaint failed to state a claim and dismissed the complaint with leave to amend. This time, Spencer filed an amended complaint. The magistrate judge again found that Spencer had failed to state a claim and issued findings and recommendations to dismiss the action for failure to state a claim. Before the district court ruled on those findings and

---

[1] Defendants' motion for judicial notice is granted.

recommendations, Spencer filed objections with the following language:

> Plaintiff is requesting the District Judge not to accept the Magistrate Judge Findings and Recommendations, whereas he would not have a strike against him, and then he would ask the court to dismiss this entire action without prejudice, including all causes of action as pursuant to [Rule 41(a)(1)].

The district court construed those objections as a Rule 41(a)(1) notice, and thus found that Spencer had voluntarily dismissed the action. The district court expressly declined to decide whether that dismissal counted as a strike.

Four of Spencer's lawsuits are on appeal. Each action is against various California prison officials; the details are not relevant to this appeal. Spencer initially proceeded IFP and pro se in each lawsuit.

The actions were assigned to the same magistrate judge, who issued findings and a recommendation to revoke Spencer's IFP status. The magistrate judge found that Spencer had four strikes: the two court-ordered dismissals he concedes are strikes, plus *Beeler* and *Kokor*. The magistrate judge considered and rejected Spencer's argument that *Beeler* and *Kokor* cannot be strikes because they were voluntarily dismissed. The district court adopted the findings and recommendations in full, in identical orders in each of the four cases.

## II

The Supreme Court has emphasized that the three-strikes provision must be interpreted "literally." *Coleman v.*

*Tollefson*, 575 U.S. 532, 537 (2015). Thus, we disregard proposed interpretations of the provision that contradict the text or require inserting words, even if the interpretations address concerns about potential deficiencies in the PLRA. *See Harris v. Mangum*, 863 F.3d 1133, 1140 (9th Cir. 2017) (rejecting policy concern that prisoners could avoid strikes by filing in state court, because "[t]hat policy argument must be directed to Congress, not to us"); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020) (holding that courts "may not narrow a provision's reach by inserting words Congress chose to omit"); *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) ("In § 1915(g), Congress said what it meant, and we will construe its language strictly and narrowly.").

"As a general matter, when we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). To determine if a dismissal qualifies as a strike, we look "to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

But there are at least two cases where the procedural posture of a dismissal is dispositive. First, a Rule 12(b)(6) dismissal is always a strike. *El-Shaddai*, 833 F.3d at 1043. This is because "[t]he phrase 'fails to state a claim upon which relief may be granted' from § 1915(g) purposely 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)). Second, a Rule 12(b)(1) dismissal is

never a strike. *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 893–94 (9th Cir. 2011). This is because Rule 12(b)(1) dismissals are for "lack of subject-matter jurisdiction," which is "not the same as a dismissal for failure to state a claim," or for frivolity or malice. *Id.* (first quoting Fed. R. Civ. P. 12(b)(1); and then quoting *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 437 (D.C. Cir. 2007)). Here, we must consider whether a voluntary dismissal by an incarcerated litigant counts as a strike.

## III

We join our sister circuits in concluding that voluntary dismissals under Rule 41(a)(1) do not constitute strikes under the PLRA.[2] *See Smith v. Williams*, 67 F.4th 1139, 1141 (11th Cir. 2023); *cf. Tolbert v. Stevenson*, 635 F.3d 646, 654 (4th Cir. 2011). Therefore, the voluntary dismissals in *Beeler* and *Kokor* do not constitute strikes.

## A

Under the PLRA, a strike is any "action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). In context, the phrase "on the grounds that" requires a court determination. We have repeated that the dismissing court's order is the primary place to look to determine if the dismissal is a strike. *Knapp*, 738 F.3d at 1109 ("It is well settled that, in determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it."); *El-Shaddai*, 833 F.3d at 1044 n.4 (noting that courts consider

---

[2] We need not and do not decide whether successive dismissals, which operate as merits-adjudications under Rule 41(a)(1)(B), or voluntary dismissals by court order under Rule 41(a)(2), can be strikes.

"the order . . . and other relevant information" when calling a strike (quoting *King*, 398 F.3d at 1121)); *see also id.* at 1046 ("[A]ppellate affirmances do not count as strikes *unless the court expressly states* that the appeal itself was frivolous, malicious or failed to state a claim" (emphasis added) (quoting *Thompson*, 492 F.3d at 440)).

Outside the context of the PLRA, we have observed that "grounds" can refer to a legal determination or court ruling. *Campbell v. Blodgett*, 997 F.2d 512, 516 (9th Cir. 1992) ("A 'ground' is 'sufficient legal basis for granting the relief sought[.]'" (quoting *Sanders v. United States*, 373 U.S. 1, 16 (1963))); *see also Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) ("A dismissal for failure to state a claim is a *ruling* on a question of law . . . ." (emphasis added)).

Thus, the "on the grounds that" clause in 28 U.S.C. § 1915(g) requires "grounds" decided by a court. Voluntary dismissals do not have "grounds" decided by a court. Voluntary dismissals occur, by definition, "Without a Court Order." Fed. R. Civ. P. 41(a)(1)(A). They are "automatic[]" upon notice by the plaintiff. *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Even if a court has previously entered findings about whether a case fails to state a claim, those findings are not the grounds for the dismissal. The plaintiff's Rule 41 notice is.

## B

The defendants argue that categorically deciding voluntary dismissals are not strikes is a technicality based only on procedural posture, and thus contrary to our precedent. But we have recognized some cases where procedural posture is dispositive of a strike-call: Rule 12(b)(6) and Rule 12(b)(1) dismissals. Just as Rule 12(b)(1)

dismissals can only be on the basis of lack of subject-matter jurisdiction, which is not a strike-ground, Rule 41(a)(1) voluntary dismissals can only be on the basis of a plaintiff's voluntary choice to dismiss, which is not a strike-ground.

The defendants also argue that prior judicial findings effectively become final when the plaintiff voluntarily dismisses, thus making this case like *Mangum*, 863 F.3d at 1143. In *Mangum*, we determined that a strike existed where the district court dismissed a complaint for failure to state a claim with leave to amend, the plaintiff failed to amend within the time allowed, and then the district court dismissed the case for failure to prosecute. 863 F.3d at 1141–43. We reasoned that "[t]he dismissal of . . . [the prisoner's] prior actions 'rang the PLRA bells of . . . failure to state a claim,' even if the 'procedural posture' meant that the entry of judgment in each case was delayed until it became clear that [the prisoner] would not file an amended complaint that did state a claim." *Id.* at 1142 (second omission in original).

But unlike *Mangum*, where the dismissals were effectively delayed entries of judgment for the previous orders, here a voluntary dismissal is not based on any previous findings becoming final. Instead, the voluntary dismissal notice is its own independent basis for dismissal. *See* Fed. R. Civ. P. 41(a)(1). The failure to prosecute dismissals in *Mangum* could not have happened but for the failure to state a claim finding; that is not the case for voluntary dismissals, which can happen anytime, for any reason or no reason.

The defendants also argue that this case is similar to *Knapp*. In *Knapp*, we concluded that a strike existed where the plaintiff "filed complaints that violated Rule 8(a)'s 'short and plain statement' requirement, was given leave to amend,

but nevertheless failed to correct the violation after repeated warnings by the district court." 738 F.3d at 1110. We reasoned that, because the plaintiff failed to amend, "the judge [was] left with a complaint that, being irremediably unintelligible, [gave] rise to an inference that the plaintiff could not state a claim." *Id.* (simplified) (quoting *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)).

The defendants' appeal to *Knapp* is also unavailing. While *Knapp* indicates that the grounds for dismissal can be inferred, those grounds must result from the court's "appraisal" of the complaint. *Knapp*, 738 F.3d at 1109–10. *Knapp* is a case about how we interpret a Rule 8(a) dismissal. In the context of a voluntary dismissal, by contrast, there is no such court action to evaluate, because the prisoner may voluntarily dismiss for any reason. Defendant's position in this case would therefore require courts to assess a prisoner's motives for voluntarily dismissing. But because a plaintiff dismissing under Rule 41(a)(1)(A) is not required to state his reasons for dismissing (or have any reasons for dismissing), an inquiry into the plaintiff's reasons for voluntarily dismissing would be both conjectural and inconsistent with the statutory text, which directs us to consider the grounds that a court has given for dismissal.

Finally, the defendants advance a policy argument: if voluntary dismissals are never strikes, then prisoners may avoid strikes by voluntarily dismissing their cases. For instance, a prisoner could voluntarily dismiss in the period between when a magistrate judge recommends dismissal and the district court adopts that recommendation. *See* Fed. R. Civ. P. 72(b). Similarly, there would be a potential loophole whenever district courts dismiss complaints with leave to amend, rather than dismissing the entire action.

But even though these may be important concerns, "[t]hat policy argument must be directed to Congress, not to us." *Mangum*, 863 F.3d at 1140. In *Mangum*, we rejected a similar loophole—prisoners filing in state court to avoid strikes, even when they knew their cases would be removed to federal court—because addressing that concern would require changing the PLRA text. *See id.* We do the same here. And there is a countervailing policy argument—namely that incarcerated litigants should be encouraged not to further pursue actions in which courts have concluded there is a failure to state a claim upon which relief can be granted, but have granted leave to amend.

We also note that other circuits have adopted this rule for voluntary dismissals, which suggests that the rule will not have grave consequences. *See Smith*, 67 F.4th at 1141; *cf. Tolbert*, 635 F.3d at 654. And nothing in our opinion today prevents district courts from appropriately addressing prisoners who file serial complaints only to then voluntarily dismiss them under Rule 41(a)(1). Although these dismissals do not count as strikes under the PLRA, district courts have other means at their disposal for handling vexatious litigants, including pre-filing orders and appropriate remedies.

## IV

In sum, Rule 41(a)(1) voluntary dismissals cannot count as strikes, because they are never "on the grounds that" the case was frivolous, malicious, or failed to state a claim. Thus, we reverse the district court's revocation of Spencer's IFP status in each of the cases on appeal, and remand for further proceedings. Because of our resolution of this case, we need not—and do not—reach any other issue urged by the parties.

**REVERSED AND REMANDED.**