NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STACI BURK, | No. 24-5273 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-01967-DMF |
| v. | |
| KELLY TOWNSEND, Named as Senator Kelly Townsend a single woman in her personal capacity acting under "color of law" as a government official; UNKNOWN PARTIES, named as Does I-X; RYAN HARTWIG; MIKE FLYNN; JOHN SHATTUCK; DOUG LOGAN; SIDNEY POWELL; TOWN OF FLORENCE, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Deborah M. Fine, Magistrate Judge, Presiding**

Submitted May 26, 2026***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Staci Burk appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927-28 (9th Cir. 2017). We affirm.

The district court properly dismissed Burk's action because Burk failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 557 U.S. 662, 678 (2009) (explaining that to survive a motion to dismiss, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1121 (9th Cir. 2022) (setting forth requirements to show that a private actor acted under color of state law for purposes of § 1983); *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (setting forth requirements of a conspiracy claim under § 1983).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Burk's state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784,

2                                                                          24-5273

797 (9th Cir. 2012) (standard of review).

The district court did not abuse its discretion in denying Burk's motion for appointment of counsel because Burk did not establish the "exceptional circumstances" needed to "appoint counsel for indigent civil litigants." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (standard of review).

The district court did not abuse its discretion in failing to appoint a guardian ad litem because there was no evidence that would raise a "substantial question" regarding Burk's mental competence. *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (citation and internal quotation marks omitted) (standard of review).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("[D]enying leave to amend is not an abuse of discretion if it is clear that granting leave to amend would have been futile." (citation and internal quotation marks omitted)).

All pending motions are denied.

**AFFIRMED.**